ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| JORGE MENDEZ GONZALEZ<br><br>RECURRENTE<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>RECURRIDA | TA2026RA00004 | *Revisión Administrativa* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.: 93087<br><br>Sobre: No jurisdicción Ley Núm. 85-2024 |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de febrero de 2026.

Comparece ante nos, mediante recurso de revisión administrativa, el señor Jorge Méndez González (en adelante, señor Méndez o recurrente) y solicita que revisemos la *Resolución* emitida por la Junta de Libertad Bajo Palabra (en adelante, Junta o recurrida), el 7 de julio de 2025, archivada en autos el 5 de agosto de 2025 y notificada el 19 de agosto de 2025. Mediante el referido dictamen, la Junta se declaró sin jurisdicción para atender la petición del recurrente y ordenó el cierre y archivo administrativo del caso. Inconforme, el 8 de septiembre de 2025 el señor Méndez presentó una Moción de Reconsideración. El 19 de septiembre de 2025, notificada el 22 de septiembre de 2025, la Junta notificó Resolución y Orden en la que determinó acoger la Moción de Reconsideración presentada por el recurrente y resolverla dentro del término de noventa (90) días. Transcurrido dicho término sin que se resolviera la reconsideración, el recurrente radicó el 7 de enero de 2026 el presente recurso de Revisión Administrativa.

Por los fundamentos que exponemos a continuación, se ***desestima*** el recurso de epígrafe.

## I.

Según surge del expediente, el señor Méndez ingresó al sistema correccional tras haber sido sentenciado el 27 de marzo de 1991 por los siguientes delitos: Asesinato en Primer Grado, Tentativa de Escalamiento Agravado, Artículos 6, 8 y 18 de la Ley de Armas de Puerto Rico, Artículo 18 de la Ley 8, Daños Agravado, Artículo 268 del Código Penal, Robo, Restricción a la Libertad, Agresión Agravada y Secuestro, con una sentencia total de noventa y nueve (99) años, a ser cumplida de forma concurrente e impuesta bajo el Código Penal de 1974.

El 2 de marzo de 2015, el Departamento de Corrección y Rehabilitación (DCR) refirió a la Junta el caso del señor Méndez, para ser considerado para la concesión del privilegio de libertad bajo palabra. El 20 de octubre de 2015, el DCR preparó una *Hoja de Control sobre Liquidación de Sentencias*[1], de la cual se desprende que el recurrente cumplió el cómputo mínimo de la sentencia para beneficiarse del programa de la Junta el 27 de junio de 2025.

Posteriormente, el 9 de diciembre de 2024, la Junta emitió una *Resolución*[2] en la que indicó que el recurrente advino elegible para ser considerado y evaluado por la recurrida desde el 27 de junio de 2015. Conforme a ello, solicitó al DCR una Certificación de Delito Excluyente conforme a la Ley Núm. 85-2024, toda vez que el señor Méndez había sido sentenciado, entre otros, por el delito de secuestro.

Luego, el 15 de abril de 2025, el DCR preparó un *Informe de Ajuste y Progreso a la Junta de Libertad Bajo Palabra*[3], en el cual se consignó que el recurrente había observado una conducta institucional satisfactoria, mantenía custodia mínima, acataba instrucciones y cumplía con su plan

---

[1] Anejo Núm. 4 del recurso de revisión.
[2] Anejo Núm. 7 del recurso de revisión.
[3] Anejo Núm. 3 del recurso de revisión.

institucional de forma positiva. Dicho informe se acompañó con una *Certificación*[4] con fecha del 16 de abril de 2025, de la cual surge que el señor Méndez cumplía una sentencia de 99 años por asesinato en primer grado, concurrente con otros delitos, incluyendo secuestro, y que en su expediente criminal no constaba ninguna sentencia por delito de actos lascivos.

El 7 de julio de 2025, la Junta emitió una *Resolución*[5] mediante la cual se declaró sin jurisdicción para atender el caso del recurrente, al amparo de la Ley Núm. 85-2024, al concluir que la existencia de una convicción por el delito de secuestro excluía al confinado del privilegio de libertad bajo palabra. Dicha *Resolución* fue archivada en autos el 5 de agosto de 2025 y notificada a las partes el 19 de agosto de 2025, ordenándose el cierre y archivo administrativo del caso.

Inconforme, el 8 de septiembre de 2025, el señor Méndez presentó una *Reconsideración*[6], en la cual alegó, entre otros fundamentos, que la aplicación de la Ley Núm. 85-2024 a su caso constituía una aplicación retroactiva de una norma más onerosa, ya que imponía una pena mayor a la impuesta mediante sentencia, en violación a la prohibición constitucional contra leyes *ex post facto*, toda vez que la Junta había adquirido jurisdicción sobre su caso desde el año 2015, antes de que la Ley Núm. 85-2024 fuese aprobada.

El 19 de septiembre de 2025, la Junta de Libertad Bajo Palabra emitió *Resolución y Orden*[7] mediante la cual acogió la *Reconsideración* y dispuso evaluarla y resolverla dentro del término de noventa (90) días calendario a partir de su presentación.

Transcurrido dicho término sin que la Junta emitiera determinación final sobre la reconsideración presentada, el recurrente presentó el recurso de epígrafe en el que señala el siguiente y único error:

---

[4] *Id.*, pág. 4.
[5] Anejo Núm. 2 del recurso de revisión.
[6] Anejo Núm. 1 del recurso de revisión.
[7] Anejo Núm. 9 del recurso de revisión.

**ABUSÓ DE SU DISCRECIÓN LA JUNTA DE LIBERTAD BAJO PALABRA AL DECLARARSE SIN JURISDICCIÓN EN EL PRESENTE CASO AL APLICAR RETROACTIVAMENTE LA LEY 85-2024 VIOLENTÁNDOSE EL PRINCIPIO CONSTITUCIONAL QUE ESPECÍFICAMENTE PROHÍBE LEYES EX-POST FACTO. DE HECHO, LA ACCIÓN DE LA AGENCIA ADMINISTRATIVA CONSTITUYE UNA VIOLACIÓN AL DEBIDO PROCESO DE LEY, PROHIBIDO POR NUESTRA CONSTITUCIÓN, AL NO CONCEDER OPORTUNIDAD PREVIA DE DEFENDERSE DE DICHA RESOLUCIÓN.**

El 17 de febrero de 2026, la recurrida presentó un *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación* en el que señaló que habían determinado asumir jurisdicción para atender la solicitud del señor Méndez y que estarían evaluando si el recurrente cumple o no con los criterios para concederle el privilegio de libertad bajo palabra. Por ello, la Junta solicitó que este Foro desestime el recurso de epígrafe por haberse tornado académica la controversia y que se devuelva el caso a la recurrida para que continúe con el proceso de consideración del caso.

## II.

### Academicidad

Es norma reiterada que, los tribunales pueden evaluar únicamente aquellos casos que son justiciables. En su consecuencia, solamente debemos intervenir en controversias reales y vivas, en las cuales existan partes con intereses encontrados cuyo propósito sea obtener un remedio que tenga un efecto sobre la relación jurídica. *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 931 (2011).

El principio de justiciabilidad exige que los tribunales se expresen sobre "controversias genuinas surgidas entre partes opuestas que tienen un interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". *Noriega v. Hernández Colón,* 135 DPR 406, 421 (1994), citando a *ELA v. Aguayo,* 80 DPR 552, 558-559 (1958). Por ello, debe existir una controversia definida y concreta que afecte las relaciones jurídicas entre las partes que tienen un interés antagónico. *Id.*

Como es sabido, la doctrina de academicidad es un corolario del principio de justiciabilidad, pues un caso académico no es justiciable. La razón para ello es que, al emitirse el fallo o sentencia sobre el asunto, este no tendrá efecto práctico sobre las partes. *ELA v. Aguayo, supra*, pág. 584. Un caso se torna académico cuando el transcurso del tiempo o el cambio en los hechos desde el momento en que se originó el caso tornan en ficticia la solución de la controversia entre las partes. *Com. de la Mujer v. Srio. de Justicia*, 109 DPR 715, 724-725 (1980). Por consiguiente, la doctrina de academicidad requiere que exista una controversia genuina entre las partes durante todas las etapas de un procedimiento adversativo; incluyendo la etapa de apelación o revisión. *Noriega v. Hernández Colón, supra*, pág. 437.

Como regla general, cuando una controversia se torna académica en la etapa apelativa, los foros revisores estamos obligados a tomar alguna de las siguientes medidas: (1) desestimar el recurso ante nuestra consideración, (2) dejar sin efecto el dictamen del foro primario, o (3) devolver el caso al foro primario con instrucciones de que se desestime la demanda. *Díaz Díaz v. Asoc. Res. Quintas San Luis*, 196 DPR 573, 578 (2016). (Sentencia).

En armonía con lo anterior, la Regla 83 (B)(5) y (C) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025), R. 83, faculta al Tribunal para desestimar un recurso de apelación o denegar un auto discrecional, ya sea a iniciativa propia o a solicitud de parte, cuando carezca de jurisdicción por haberse tornado académica la controversia. Así, si tras el análisis correspondiente el tribunal concluye que el asunto es académico y no restan otros asuntos pendientes ante su consideración, tiene el deber de así declararlo y proceder con la desestimación del recurso apelativo, sin entrar en los méritos del caso. *Super Asphalt v. AFI y otro*, 206 DPR 803, 816 (2021); *Díaz Díaz v. Asoc. Res. Quintas San Luis, supra*.

**III.**

En este caso, el recurrente cuestiona que la Junta se haya declarado sin jurisdicción para atender su solicitud. Sin embargo, mientras el recurso estaba pendiente ante este Tribunal, la propia Junta informó que asumió jurisdicción y que evaluará su caso en los méritos.

Por tanto, la determinación impugnada quedó sin efecto y ya no existe una controversia real que requiera nuestra intervención. Al haberse tornado académica la controversia, y conforme a lo dispuesto en la Regla 83 (B)(5) del Reglamento de este Tribunal de Apelaciones, *supra*, procede desestimar el recurso y devolver el caso a la Junta para que continúe el trámite correspondiente.

**IV.**

Por los fundamentos antes expuestos, se ***desestima*** el recurso de epígrafe.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones